**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2948
_____

DANA JENNINGS, on his own behalf and on behalf of other similarly situated persons; JOSEPH A. FURLONG, on his own behalf and on behalf of other similarly situated persons

v.

CARVANA LLC,
                Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-21-cv-05400)
District Judge: Honorable Edward G. Smith

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on September 22, 2023

Before: RESTREPO, McKEE, and RENDELL, *Circuit Judges*

(Filed: March 21, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

In 2021, Appellees Dana Jennings and Joseph A. Furlong ("Appellees") each bought a car from Appellant Carvana LLC, a nationwide online used car dealer. The Appellees brought suit alleging that Carvana breached a contractual promise to properly license, title, and register their vehicles in Pennsylvania. Carvana moved to compel arbitration or, in the alternative, to dismiss the complaint for failure to state a claim. For the reasons that follow, we will affirm the District Court's order denying Carvana's motion to compel arbitration and remand for further proceedings on the issues raised in the complaint.

## I.     Facts and Procedural History

In January and June of 2021, respectively, Jennings and Furlong purchased cars from Carvana.  On the day of their purchases, each Appellee signed three documents: the Retail Purchasing Agreement ("RPA"); the Retail Installment Sales Contract ("RISC"); and the arbitration agreement.

In November 2021, the Appellees filed a class action lawsuit in Pennsylvania state court seeking actual and treble damages for breach of contract on behalf of themselves and a putative class consisting of "[a]ll persons in the United States east of the Mississippi River who entered into contracts with Carvana to purchase vehicles since November 5, 2019, and Carvana agreed to provide car registration services with non-temporary and permanent vehicle registrations in the state of their residence," as well as a similarly defined sub-class of Pennsylvania customers. JA99. The action arose from the Appellees' claim that Carvana breached their contract and violated Pennsylvania's Unfair Trade

2

Practices and Consumer Protection Law, 73 P. S. §§ 201-1 *et seq.*, by failing to properly register their vehicles in Pennsylvania.

In December 2021, Carvana successfully removed the case to federal district court under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. §§ 1441, 1446, 1453. Carvana moved to compel arbitration, or in the alternative, to dismiss the claims. The Appellees responded that the Pennsylvania Motor Vehicle Sales Finance Act ("MVSFA") invalidated the arbitration agreements because they are not expressly incorporated into the RISCs. *See* 12 Pa. C.S. § 6221(a)(2). The District Court denied Carvana's motion, finding that the arbitration agreement was not enforceable under the MVSFA, and that the complaint sufficiently alleged both breach of contract claims and violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCL"). Carvana filed a timely notice of appeal.

## II.  Jurisdiction and Standard of Review

The District Court had subject matter jurisdiction under CAFA. 28 U.S.C. §§ 1332(d), 1441, and 1452. Regarding the arbitration issue, this Court has jurisdiction pursuant to 9 U.S.C. §16(a). *See Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 591–92 (3d Cir. 2004). We review only the arbitration issue because our jurisdiction is limited to the portion of the District Court's order justifying the immediate appeal. *Id.* at 594–95.

Our review of the District Court's denial of Carvana's motion to compel arbitration is plenary. *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 521 (3d Cir. 2009). We review findings of fact for clear error and legal conclusions de novo. *Id.* at 521.

### III. Analysis

A. <u>Arbitration Agreement</u>

In deciding a motion to compel, courts look to state law to determine whether a contractual arbitration agreement is enforceable. *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005); *accord Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 475 (1989). Here, both RISCs explicitly state that Pennsylvania state law governs the terms of the sales agreement. The parties agree that we apply Pennsylvania law to determine whether the arbitration agreements are enforceable.

Under Pennsylvania's MVSFA, a contract governing an installment sale must, *inter alia*: (1) "be in writing;" (2) "contain all of the agreements between a buyer and an installment seller relating to the installment sale of the motor vehicle sold;" and (3) "be signed by the buyer and seller[.]" 12 Pa. C.S. § 6221(a); *see also Knight v. Springfield Hyundai*, 81 A.3d 940, 948 (Pa. Super. Ct. 2013).[1] The statute creates a one-document rule for the installment purchases of vehicles requiring that all agreements between the parties must be incorporated into the RISC. 12 Pa. C.S. § 6221(a)(2); *Knight*, 81 A.3d at 948 (citing 1 Pa. C.S. § 1921(b)). The language of the statute is clear: "when a buyer makes a purchase of a vehicle by installment sale, the RISC subsumes all other agreements relating to the

---

[1] Although not directly disputed on appeal, we agree with the District Court that the MVSFA does not conflict with the Federal Arbitration Act ("FAA") and is therefore not preempted by it. MVSFA's requirement that all agreements are included in the RISC does not treat arbitration agreements differently than other contract provisions, and therefore does not run afoul of the Supreme Court's mandate in *Kindred Nursing Centers Ltd. P'ship v. Clark*, 581 U.S. 246, 251 (2017) ("The FAA thus preempts any state rule discriminating on its face against arbitration.").

sale." *Id.* (*citing* 1 Pa. C.S. § 1921(b)). Thus, no other "agreement" is enforceable as part of the sale unless it is included in the RISC. Here, the arbitration agreements exist independently of the RISCs and are therefore unenforceable.

Moreover, the RISCs themselves state that they represent the complete and exclusive agreements between the parties. Under Pennsylvania law, "an integration clause which states that a writing is meant to represent the parties' entire agreement is also a clear sign that the writing is meant to be just that and thereby expresses all of the parties' negotiations, conversations, and agreements made prior to its execution." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 436 (Pa. 2004). If a contract is deemed to represent the parties' entire agreement, the parol evidence rule applies and precludes consideration of other written agreements entered into by the parties. *Id.* at 436-37; *see also Allegheny Cnty. v. Allegheny Cnty. Prison Emps. Indep. Union*, 381 A.2d 849, 853–54 (Pa. 1977). Accordingly, the District Court acted properly by not considering the independent and separate arbitration agreements.

Carvana argues that because the Appellees signed the RISC, RPA, and arbitration agreements on the same day and as part of the same transaction, the three documents should be deemed one contract, which would render the arbitration agreements enforceable. Although the "same transaction" concept exists in Pennsylvania contract law, the contracts relating to the same transaction are enforceable only if they reference or incorporate one another. *See, e.g.*, *Sw. Energy Prod. Co. v. Forest Res., LLC*, 83 A.3d 177, 188 (Pa. Super. Ct. 2013) (concluding that the trial court erred by not interpreting lease and letter agreements as a single agreement where the documents referenced one another)*; see also*

*Richter v. Mozenter*, 53 A.2d 76, 78 (Pa. 1947) (holding that a lease with an option to buy and an accompanying agreement of sale may both be enforced if executed as part of the same transaction). Here, the RISC, which "subsumes all other agreements relating to the sale" of a car under the MVSFA, does not reference the arbitration agreement. *Knight*, 81 A.3d at 948 (interpreting 12 Pa. C.S. § 6221(a)(2)). The RISC instead unequivocally states that it constitutes the entire agreement between the parties. Thus, Carvana's argument fails.

Carvana next contends that even if the MVSFA imposes a one-document rule, it does not apply to the arbitration agreement because the Act is only concerned with financing terms. We disagree. MVSFA requires that certain financing terms be included in the RISC, but it also dictates that all agreements be contained within the RISC. 12 Pa. C.S. § 6221(a). The arbitration agreement was not, and it is therefore unenforceable.

B. The Dismissal Order

Carvana requests review of the District Court's entire order, which includes the denial of its motion to dismiss. Such review would be contrary to the law. On interlocutory appeals under the FAA, our jurisdiction is limited to the portion of the order justifying the immediate appeal; all other portions are reviewable only if we exercise pendent jurisdiction. *Palcko*, 372 F.3d at 594–95. *See also O'Hanlon v. Uber Techs., Inc.*, 990 F.3d 757, 761 (3d Cir. 2021). We have the discretion to exercise pendent jurisdiction over a non-appealable issue where (1) it is "inextricably intertwined" with the appealable issue or (2) such review is otherwise "necessary to ensure meaningful review of the appealable order." *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 203 (3d Cir. 2001). If we can adjudicate the appealable order "without venturing

into otherwise nonreviewable matters, we have no need—and therefore no power—to examine" those matters. *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 131 (3d Cir. 2018) (internal quotation marks and citations omitted).

Carvana contends exercising pendent jurisdiction is appropriate in this case because the dismissal issue is "inextricably intertwined" with the arbitration issue. But we have adjudicated the arbitration issue without considering the dismissal issue, which means review of the appealable order does not require examining the nature of the claims raised in the Appellees' complaint. *See Reinig*, 912 F.3d at 130. The exercise of pendent jurisdiction would therefore be inappropriate.

### IV.   Conclusion

For the foregoing reasons, we will affirm the District Court's order denying the motion to compel arbitration and remand this matter for further proceedings.